# EXHIBIT A

## EXHIBIT A TO NOTICE OF REMOVAL

### STATE COURT RECORD

| NO. | DATE | DESCRIPTION | FILED BY |
|-----|------|-------------|----------|
| 1. | 12/17/20 | Verified Complaint | Plaintiffs |
| 2. | 12/17/20 | Attorneys' Appearance for David Williams | Plaintiffs |
| 3. | 12/17/20 | Summons for Elijah Bland | Plaintiffs |
| 4. | 12/17/20 | Summons for EBX Enterprises, LLC | Plaintiffs |
| 5. | 12/18/20 | Commercial Court Identifying Notice | Plaintiffs |
| 6. | 01/29/21 | Attorneys' Appearance for Eric J. McKeown | Defendants |
| 7. | 02/01/21 | Notice of Automatic Enlargement of Time to Respond to Plaintiffs' Complaint | Defendants |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## David L Williams, JR v. Elijah W Bland

| Case Number | 49D06-2012-PL-044484 |
|---|---|
| Court | Marion Superior Court 6<br>Commercial Court (Provisional) |
| Type | PL - Civil Plenary |
| Filed | 12/17/2020 |
| Status | 12/17/2020 , Pending  (active) |

## Parties to the Case

Defendant   Bland, Elijah W

Address
45 West 132nd Street
Apt 15N
New York, NY 10037

Attorney
Eric John McKeown
*#2759749, Retained*

Ice Miller LLP
One American Square Ste 2900
Indianapolis, IN 46282-0200
317-236-2142(W)

Plaintiff      Williams Jr., David L

Address
4810 Flame Way
Indianapolis, IN 46254

Attorney
Jason D. May
*#2743449, Lead, Retained*

9201 N Meridian ST
STE 220
Indianapolis, IN 46260
317-218-3859(W)

Attorney
Edward De Von Thomas
*#2908049, Retained*

THOMAS LAW, LLC
55 Monument Circle
Suite 700
Indianapolis, IN 46204
317-762-9732(W)

## Chronological Case Summary

| 12/17/2020 | **Case Opened as a New Filing** | |
|---|---|---|

| 12/18/2020 | **Complaint/Equivalent Pleading Filed** | |
|---|---|---|
| | Verified Complaint - Williams v EBX - signed.pdf | |
| | Exhibit A.pdf | |
| | Exhibit B.pdf | |
| | Exhibit C.pdf | |
| | Exhibit D.pdf | |
| | Exhibit E.pdf | |
| | Verified Complaint against Elijah Bland and EBX Enterprises, LLC | |
| | Filed By: | Williams, David L JR |
| | File Stamp: | 12/17/2020 |

| 12/18/2020 | **Appearance Filed** | |
|---|---|---|
| | Attorneys' Appearance for David Williams | |
| | For Party: | Williams, David L JR |
| | File Stamp: | 12/17/2020 |

| 12/18/2020 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - Elijah Bland | |
| | Filed By: | Williams, David L JR |
| | File Stamp: | 12/17/2020 |

| 12/18/2020 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - EBX Enterprises, LLC | |
| | Filed By: | Williams, David L JR |
| | File Stamp: | 12/17/2020 |

| 12/21/2020 | **Commercial Court Identifying Notice** | |
|---|---|---|
| | Notice Identifying Commercial Court Docket | |
| | Filed By: | Williams, David L JR |
| | File Stamp: | 12/18/2020 |

| 01/29/2021 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Eric J. McKeown for Defendants | |
| | For Party: | Bland, Elijah W |
| | For Party: | EBX Enterprises, LLC |
| | File Stamp: | 01/29/2021 |

| 02/01/2021 | **Motion for Enlargement of Time Filed** | |
|---|---|---|
| | Notice of Automatic Enlargement of Time to Respond to Plaintiff's Complaint | |
| | Filed By: | Bland, Elijah W |
| | Filed By: | EBX Enterprises, LLC |
| | File Stamp: | 02/01/2021 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Williams Jr., David L**

Plaintiff

## Balance Due (as of 02/11/2021)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/18/2020 | Transaction Assessment | 157.00 |
| 12/18/2020 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

STATE OF INDIANA )  IN THE MARION SUPERIOR COURT
)SS:
COUNTY OF MARION )  CAUSE NO.

DAVID L. WILLIAMS, JR., derivatively on )
behalf OCEAN'S PROMISE, INC. )
)
       Plaintiff, )
)
   v. )
)
EBX ENTERPRISES, LLC, and )
ELIJAH W. BLAND )
)
)
       Defendants. )

---

## VERIFIED SHAREHOLDER COMPLAINT FOR DAMAGES

---

Comes now the Plaintiff, David L. Williams, Jr. ("Williams" or "Plaintiff"), by counsel, brings this Verified Shareholder Derivative Complaint against Defendants, in the name of and on behalf of Ocean's Promise, Inc. ("Ocean's Promise" or the "Company")(collectively, "Williams and "Ocean's Promise" are referred to as "Plaintiffs"), and against certain officers and/or shareholders of Ocean's Promise named herein.

### SUMMARY OF THE ACTION

1. This is a shareholder derivative action brought by an Ocean's Promise shareholder on behalf of the Company, and against the only other officer and shareholder, seeking remedy for Defendants EBX Enterprises, LLC ("EBX") and Elijah W. Bland's ("Bland")(collectively "the Defendants") breaches of fiduciary duty, self-dealing and conversion.

2. In particular, Ocean's Promise's corporate officers, Williams and Bland approved the dissolution of the Company on or about August 31, 2020. Since that time, Bland has failed to cooperate with Williams in satisfying the parties' obligatons under the Indiana Business

1

Corporation Act, including winding down the Company as required under law. Moreover, Bland and EBX (an entity solely owned and controlled by Bland) have since breached their fiduciary duties, engaged in self-dealing, and converted certain assets of the Company, including profiting from the Ocean's Promise trademark, to the detriment of the Company and Williams.

3.  Plaintiff brings this action to recoup the profits derived by the Defendants unauthorized use of the Ocean's Promise trademark since the date of the Company's formal dissolution on or about August 31, 2020, and to require the Defendants to cooperate in formally winding down the Company as required under Indiana law.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to preside over the Defendants as they transacted business and made contracts in the State of Indiana pursuant to Indiana Trial Rule 4.4(A), *et. seq*. Venue in Marion County is appropriate as the parties have agreed that all disputes will be resolved in Marion County.

## PARTIES

5.  Williams is an individual who resides in Indiana and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

6.  Ocean's Promise is a domestic for-profit corporation, lawfully organized and existing under the laws of the State of Indiana, with its principal place of business located at 11200 Helm Drive, Suite 1012, Zionsville, IN 46077.

7.  EBX is a limited liability company, lawfully organized and existing under the laws of the State of New Jersey, with its principal place of business located at 650 East Palisade Avenue, Suite

2-201, Englewood Cliffs, NJ  07632, and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

8.   Bland is an individual who upon information and belief, resides in New York, and at all times relevant hereto has been the sole owner and shareholder of EBX Enterprises, LLC.

## **FACTUAL BACKGROUND**

9.   In late 2019, Williams began a business selling sea moss gel (the "Sea Moss Products") under the brand name Ocean's Promise.  Williams sold the Sea Moss Products to various health foods stores in the Indianapolis area.

10. In early 2020, Williams hired Bland to assist him with designing product labels, and setting up various social media and retail platforms for his new business.

11. On March 31, 2020, Williams and Bland formally incorporated Ocean's Promise, Inc. with the Indiana Secretary of State's office.  A true and correct copy of Ocean's Promise, Inc.'s business entity details from the Indiana Secretary of State is attached hereto as **Exhibit A**.

12. On March 31, 2020, a trademark application was submitted to the United States Patent and Trademark Office ("USPTO") on behalf of Ocean's Promise, Inc.   (the "Ocean's Promise Trademark").  A true and correct copy of the Ocean's Promise Trademark details from the USPTO is attached hereto as **Exhibit B**.

13. On April 28, 2020, Williams and EBX entered into an amended Shareholder Agreement governing their respective interests, obligations, liabilities, ownership and rights in Ocean's Promise, Inc.  Bland, as the sole shareholder of EBX, executed the Shareholder Agreement on EBX's behalf.  A true and correct copy of the amended Shareholder Agreement is attached hereto as **Exhibit C**.

14. Williams and Bland operated the Company throughout the spring and summer of 2020, including securing additional customers and generating a profit over this time frame.

15. In the fall of 2020, Williams and Bland encountered a material disagreement on how to continue operating the Company.  Despite settlement discussions in an attempt to resolve their dispute, Williams and Bland could not come to an agreement, and ultimately agreed to dissolve the Company and go their separate ways.

16. On August 31, 2020, following a special meeting of the shareholders, Williams and Bland entered into a Shareholder's Resolution of Approval of Dissolution, thereby authorizing the formal dissolution of Ocean's Promise, Inc. (the "Approval of Dissolution").  A true and correct copy of the Approval of Dissolution is attached hereto as **Exhibit D**.

17. On August 31, 2020, Ocean's Promise, Inc. filed its voluntary notice of dissolution (the "Notice of Dissolution) with the Indiana Secretary of State's office, with an effective date of September 1, 2020.  A true and correct copy of the Notice of Dissolution is attached hereto as **Exhibit E**.

18. Following the formal dissolution of Ocean's Promise, Inc., Williams and Bland, with the assistance of their respective legal counsel, were to begin the winding down process of the Company as required under the Indiana Business Corporation Law.

19. To this end, Williams and Bland verbally agreed on the distribution of the Company's assets and liabilities; however, they were unable to come to agreement on the disposition of the Ocean's Promise Trademark, which necessarily included the related websites and social media platforms which utilize the Ocean's Promise Trademark in selling the Sea Moss Products.

20.  Despite Williams and Bland's inability to agree on the disposition of the Ocean's Promise Trademark, Williams immediately became aware of Bland's actions in continuing to leverage the

Oceans' Promise Trademark for his own benefit.  Bland took steps to exert exclusive control over the Ocean's Promise Trademark, including Ocean's Promise's retail websites and social media platforms, which resulted in Williams' inability to have visibility into and/or exercise his right to access the Company's business information and related transactions.

21. Furthermore, Plaintiffs recently became aware that on or about November 10, 2020, Bland contacted the USPTO and submitted documentation to permanently change the Company's address from the Indiana location to a location solely controlled and operated by Bland in Englewood Cliffs, New Jersey.

22. Bland continues to carry on business in violation of the Indiana Business Corporation Law. Moreover, Bland has wrongfully taken steps to convert the Ocean's Promise Trademark for the benefit of EBX and/or his own personal benefit, thereby generating profits for EBX, to the detriment of Ocean's Promise and Williams.

23.  Williams brings this action derivatively in the right of and for the benefit of Ocean's Promise to redress the injures suffered, and to be suffered, by Ocean's Promise as a direct result of the violations of state law, including breaches of fiduciary duty, self-dealing and conversion by EBX and Bland.

24. The wrongful acts complained of herein, subject and will continue to subject, Ocean's Promise and Williams to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

## COUNT I: BREACH OF FIDUCIARY DUTY

25. Plaintiffs incorporate rhetorical paragraphs 1 through 24 above as if fully set forth herein.

26. By reason of their fiduciary relationship with Ocean's Promise, the Defendants owed and owe Ocean's Promise and Williams the highest obligation of loyalty.

5

27. In derogation of these duties, the Defendants have harmed and continue to harm the Company by improperly profiting from the Ocean's Promise Trademark for the Defendants' sole benefit, thereby generating profits for EBX, to the detriment of Ocean's Promise and Williams.

28. As a result of the Defendants' breaches, Ocean's Promise and Williams have suffered, and will continue to suffer significant damages, as explained herein.  Thus, the Defendants are liable to the Company.

29.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Reasonable attorney's fees; and

c. The costs in bringing this action.

## COUNT II: SELF DEALING

30. Plaintiffs incorporate rhetorical paragraphs 1 through 29 above as if fully set forth herein.

31. The Defendants have violated the fiduciary duties of care, loyalty, good faith, and independence owed to the shareholders of Ocean's Promise, and have acted to put their personal interests ahead of the interests of Ocean's Promise's shareholders, including Williams.

32. By the acts, transactions, and courses of conduct alleged herein, the Defendants, individually and acting as part of a common plan, are attempting to unfairly deprive the Plaintiffs of the value inherent in and arising from the Ocean's Promise Trademark.

33. Unless enjoined by this Court, the Defendants will continue to breach their fiduciary duties owed to the Plaintiffs, including profiting from the Ocean's Promise Trademark, thereby excluding the Plaintiffs from their fair share of Ocean's Promise's assets and operations, to the detriment of the Plaintiffs.

34. The Defendants are engaged in self-dealing, are not acting in good faith towards the Plaintiffs, including continuing to breach their fiduciary duties to the Ocean's Promise shareholders.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Reasonable attorney's fees; and

c. The costs in bringing this action.

## COUNT III: CONVERSION

35. Plaintiffs incorporate rhetorical paragraphs 1 through 34 above as if fully set forth herein.

36. Defendants, EBX and Bland knew or should have known that they could not exert unauthorized control over the Ocean's Promise Trademark to the detriment of the Plaintiffs.

37. Williams has informed EBX and Bland of their actions in exercising unauthorized control over the Ocean's Promise Trademark, including advising Bland to cease his wrongful actions.

38. Defendants, EBX and Bland refused, and continue to convert the Ocean's Promise Trademark for their own personal benefit to the detriment of the Company and Williams.

39. Plaintiffs have not consented in any manner to the Defendants' unauthorized use of the Ocean's Promise Trademark

40. Defendants, EBX and Bland intended to deprive the Plaintiffs of their rights in the Ocean's Promise Trademark in violation of Ind. Code § 34-24-3-1.

41. Plaintiffs have been damaged as a result of the deceptive act of the Defendants, EBX and Bland, in exerting unauthorized control over the Ocean's Promise Trademark for their own personal benefit.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a.  Actual damages in an amount to be determined at trial;

b.  Treble damages pursuant to Indiana's Crime Victim Relief Act;

c.  Reasonable attorney's fees; and

d.  The costs in bringing this action.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

Jason D. May, Attorney No. 27434-49
Edward D. Thomas, Attorney No. 29080-49
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
(317) 218-3859
jason.may@jasonmaylaw.com
edward.thomas@jasonmaylaw.com
*Attorneys for Plaintiff*

8

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

|  |  |
|---|---|
| DAVID A. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EBX ENTERPRISES, LLC, and ELIJAH W. BLAND | ) ) ) |
| Defendants. | ) ) |

## **VERIFICATION**

I, David Williams, state that the information contained in the attached *Verified Shareholder Complaint for Damages* is based upon my personal knowledge. To the best of my information and belief, I affirm under the penalties for perjury that the foregoing representations are true and accurate.

_____12/15/2020_____
DATE

_____
David Williams
CEO, Ocean's Promise, Inc.

Marion Superior Court, Civil Division 6

(https://inbiz.in.gov)

# Business Details

Print Entity Details

| | | | |
|---|---|---|---|
| Business Name: | **OCEAN'S PROMISE, INC.** | Business ID: | **202003311382783** |
| Entity Type: | **Domestic For-Profit Corporation** | Business Status: | **Voluntarily Dissolved (Name Protected)** |
| Creation Date: | **03/31/2020** | Inactive Date: | **09/01/2020** |
| Principal Office Address: | **11200 Helm Drive, Suite 1012, Zionsville, IN, 46077, USA** | Expiration Date: | **Perpetual** |
| Jurisdiction of Formation: | **Indiana** | Business Entity Report Due Date: | **03/31/2022** |
| | | Years Due: | |

## Incorporators Information

| Title | Name | Address |
|---|---|---|
| Incorporator | David L Williams JR. | 11195 Helm Drive, Suite 727, Zionsville, IN, 46077, USA |
| Incorporator | Elijah W Bland | 650 East Palisade Avenue, Suite 2-201, Englewood Cliffs, NJ, 07632, USA |

**Page 1 of 1, records 1 to 2 of 2**

## Principal Information

| Title | Name | Address |
|---|---|---|
| CEO | David L Williams JR. | 11195 Helm Drive, Suite 727, Zionsville, IN, 46077, USA |
| COO | Elijah W Bland | 650 East Palisade Avenue, Suite 2-201, Englewood Cliffs, NJ, 07632, USA |

**Page 1 of 1, records 1 to 2 of 2**

## Registered Agent Information

Type: **Individual**

Name: **David L. Williams, Jr.**

Address: **11200 Helm Drive, Suite 1012, Zionsville, IN, 46077, USA**

| Back | Return to Search | Filing History | Name History | Assumed Name History |
|---|---|---|---|---|
| | | | | Certified Copies Request |

12/2/2020    Case 1:21-cv-00353-JMS-DLP    Document 1-1 Trademark Electronic Search System (TESS) Page 16 of 49 PageID #: 21 Filed: 12/21/2020 6:52 PM

Marion Superior Court, Civil Division 6

Clerk
Marion County, Indiana

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Wed Dec 2 03:32:23 EST 2020

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:            OR  Jump  to record:            **Record 1 out of 2**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# Ocean's Promise

| | |
|---|---|
| **Word Mark** | **OCEAN'S PROMISE** |
| **Goods and Services** | IC 005. US 006 018 044 046 051 052. G & S: Acai powder dietary supplements; Activated charcoal dietary supplements; Calcium supplements; Dietary supplement drink mixes; Dietary supplemental drinks; Dietary supplements; Dietary supplements consisting primarily of sea moss; Dietary supplements for controlling cholesterol; Dietary supplements for human consumption; Dietary supplements for humans and animals; Dietary supplements with a cosmetic effect; Dietary and nutritional supplements; Dietary beverage supplements for human consumption in liquid and dry mix form for therapeutic purposes; Dietary food supplements; Enzyme food supplements; Flaxseed oil dietary supplements; Folic acid dietary supplements; Food supplements; Food supplements, namely, anti-oxidants; Fungal extracts sold as a component ingredient of nutritional supplements and vitamins; Health food supplements; Herbal supplements; Herbal supplements for sleeping problems; Homeopathic supplements; Linseed oil dietary supplements; Liquid herbal supplements; Liquid nutritional supplement; Liquid protein supplements; Liquid vitamin supplements; Mineral supplements; Mineral food supplements; Mineral nutritional supplements; Natural supplements for treating depression and anxiety; Natural supplements for treating erectile dysfunction; Natural dietary supplements; Natural herbal supplements; Nutritional supplement for eliminating toxins from the body; Nutritional supplement for eliminating toxins from the intestinal tract; Nutritional supplement shakes; Nutritional supplements; Nutritional supplements consisting primarily of sea moss; Nutritional supplements, namely, probiotic compositions; Prebiotic supplements; Probiotic supplements; Protein supplement shakes; Protein supplements; Vitamin supplements; Vitamin and mineral supplements; Weight management supplements. FIRST USE: 20191001. FIRST USE IN COMMERCE: 20191004 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88854960 |
| **Filing Date** | March 31, 2020 |
| **Current Basis** | 1A |

| | |
|---|---|
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 28, 2020 |
| **Registration Number** | 6174727 |
| **Registration Date** | October 13, 2020 |
| **Owner** | (REGISTRANT) Ocean's Promise, Inc. CORPORATION INDIANA Suite 1K 1 West Forest Avenue Englewood NEW JERSEY 07631 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST

FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Case 1:21-cv-00353-JMS-DLP   D49D00c6-2012-PEit0d4C4B42/21   Page 18 of 49 PageID #: 227

Marion Superior Court, Civil Division 6

Filed: 12/17/2020 6:52 PM
CONNIE LAWSON                    Clerk
INDIANA SECRETARY OF STATE
04/29/2020 10:33 AM    Marion County, Indiana

## SHAREHOLDER AGREEMENT (AMENDMENT)

THIS SHAREHOLDER AGREEMENT made this 28th day of April, 2020, as an amendment to the agreement made on the 31st of March, 2020,

**BETWEEN:**

David L. Williams, Jr. of 11195 Helm Drive #727 Zionsville, IN 46077

OF THE FIRST PART

and

EBX Enterprises, LLC of 650 East Palisade Avenue #2-201 Englewood Cliffs, NJ 07632

OF THE SECOND PART

and

Ocean's Promise Inc. of 11195 Helm Drive, Suite 727, Zionsville, IN 46077
(the "Corporation")

OF THE THIRD PART

**BACKGROUND:**

A. The Corporation is incorporated under the Indiana Business Corporation Law (the "Act").

B. The Shareholders have decided to enter into this agreement (the "Agreement") to govern their respective interests, obligations, liabilities, ownership and rights in the Corporation.

C. All of the Shareholders have executed this Agreement.

D. The Corporation has executed this Agreement for the purpose of acknowledging notice of this Agreement and for the purpose of making certain representations.

**IN CONSIDERATION OF** the premises and mutual covenants and agreements in this Agreement, the sufficiency of which is hereby acknowledged, the parties agree as follows:

Page 1 of 13

FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

**Interpretation**

1. In this Agreement

   a. "Articles" means the Corporation's Articles of Incorporation or Articles of Amalgamation, as the case may be;

   b. "Board" means the board of directors of the Corporation;

   c. "Business Day" means a day other than a Saturday or Sunday or statutory holiday;

   d. "By-laws" means the by-laws of the Corporation as of the date of this Agreement and as may be amended from time to time;

   e. "Financial Statements" means the financial statements of the Corporation, prepared in accordance with generally accepted accounting principles;

   f. "Party" or "Parties" means all of the Shareholders and the Corporation;

   g. "Share" or "Shares" refers to one or more shares in the capital of the Corporation;

   h. "Shareholder" means any one of the Shareholders who is or later becomes a Shareholder in the Corporation;

   i. "Shareholders" mean any two or more of the Shareholders who are or later become Shareholders in the Corporation.

**Shareholder Agreement**

2. This Agreement will govern the relationship of the Shareholders to the extent permitted by law. Where this Agreement requires that an act be done or a state of affairs be effected and that act is done or that state of affairs is effected by action of the Board, the requirement will be read as requiring the Shareholders to do everything in their power to bring about that act or effect that state of affairs and not as requiring the Board to comply with this Agreement. This Agreement is not

AMENDED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

intended to restrict the Board's power to manage and supervise the Corporation, nor is it intended to fetter the discretion of any of the directors of the Board.

## By-laws and Articles

3. For the purposes of interpreting this Agreement and the Shareholders rights and obligations under this Agreement, the By-laws will be read as being subject to the provisions of this Agreement. The By-laws will not be amended or repealed except by written Agreement of all of the Shareholders.

4. For the purposes of interpreting this Agreement and the Shareholders rights and obligations under this Agreement, the Articles will be read as being subject to the provisions of this Agreement. The Articles will not be amended or repealed except by written Agreement of all of the Shareholders.

## Warranties

5. The Corporation warrants that as of the date of this Agreement, all issued and outstanding Shares are owned as follows:

| Name | Number of Shares | Class |
|---|---|---|
| David L. Williams, Jr. | 500,000 | Class A (Voting) |
| EBX Enterprises, LLC | 500,000 | Class A (Voting) |

6. Each Shareholder warrants that the Shareholder is the sole beneficial owner of the Shares identified as being owned by that Shareholder in this Agreement.

7. The Corporation warrants that it has the necessary corporate power and authority to enter into this Agreement and to perform its obligations under this Agreement.

8. Each Shareholder warrants that he or she is not prevented by reason of law or any other contractual agreement from entering into this Agreement.

9. Each corporate Shareholder warrants that it has the necessary corporate power and authority to enter into this Agreement and to perform its obligations hereunder.

FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

## Management of the Corporation

10. The Shareholders agree to exercise, as soon as practicable, any and all voting rights attached to all Shares owned by them to elect the following individuals as directors of the Corporation unless the person that the Shareholders have agreed to elect is unable or unwilling to act as a director:

David L. Williams, Jr. and Elijah W. Bland

11. The Corporation will not purchase, redeem or acquire any Shares from any Shareholder except as provided in this Agreement and except in compliance with corporate solvency provisions and capital requirements of the Act.

12. The Corporation will not issue any Shares after the date of this Agreement unless the Shares are issued in accordance with this Agreement or with the prior written approval of all of the Shareholders.

13. Shares will not be issued for other than money consideration, without the prior written approval of the Shareholders. Money includes a debt owing by the Corporation or a debt secured by a guarantee given by the Corporation. Money does not include a promissory note or other promise to pay.

## Capital Requirements of the Corporation

14. If the Board determines that the Corporation requires additional funds to meet the Corporation's obligations to its creditors or to achieve the purpose for which the Corporation was incorporated the Shareholders will provide the Corporation with an interest-free Shareholder loan (the "Loan") in an amount that is sufficient to enable the Corporation to meet such obligations or objectives, as the case may be. Each Shareholder will contribute to the Loan on a pro rata basis. The Shareholders may exempt any Shareholder from contributing to the Loan, but if less than all of the Shareholders contribute to the Loan, the Shareholders who contribute to the Loan will be entitled to interest at a reasonable commercial rate.

## Restrictions on Transfer or other Disposal of Interest

FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

15. Shareholders will not and will not agree to directly or indirectly sell, assign, transfer, give, pledge, hypothecate or otherwise dispose of or in any other way encumber any Shares or any interest in any Shares and will not create any security interest in or grant any option with respect to any Shares or any interest in any Shares, except in accordance with the express provisions of this Agreement or except with the prior written approval of all of the Shareholders.

## Dispute Resolution

16. In the event a dispute arises between two or more Shareholders, the Shareholders will attempt to resolve the dispute through friendly consultation. If the dispute is not resolved within a reasonable period, then any or all outstanding issues may be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration in accordance with the laws of the State of Indiana. The arbitrator's award will be final, and judgment may be entered upon it by any court having jurisdiction within the State of Indiana.

17. The dispute resolution process may be commenced by any of the Shareholders by the delivery of written notice (the "Notice of Dispute") to all other Shareholders. The notice will specify the dispute to be arbitrated, the issues of fact and law to be determined and the proposed arbitrator.

18. Any Shareholder may object to a proposed mediator and propose an alternate by delivering a written notice of objection to all other Shareholders within 15 Business Days of receiving the Notice of Dispute. All of the proposed mediators will jointly appoint a mediator. If the proposed mediators are unable to agree upon a mediator, any party to the dispute may apply to the Court for the appointment of a mediator.

19. Any Shareholder may object to a proposed arbitrator and propose an alternate by delivering a written notice of objection to all other Shareholders within 15 Business Days of receiving the Notice of Dispute. All of the proposed arbitrators will jointly appoint an arbitrator. If the proposed arbitrators are unable to agree upon an arbitrator, any party to the dispute may apply to the Court for the appointment of an arbitrator.

20. If no Shareholder objects by written notice to the proposed mediator or arbitrator within 15 Business Days of receiving the Notice of Dispute, the proposed mediator or arbitrator will be presumed acceptable.

FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

21. Every mediator and arbitrator, and all proposed mediators and arbitrators will be at arm's-length from every Party to this Agreement and will not have any interest in the dispute.

22. The mediator or arbitrator will, subject to applicable legislation, determine the procedure for hearing the dispute but will give written reasons for material findings of fact and a written decision.

23. The mediator or arbitrator will determine the liability among the parties to the dispute for the cost of the dispute resolution process and for the payment of the mediator or arbitrator.

### Shot Gun Provision

24. If any of the Shareholders have a dispute (a "Material Dispute") regarding:

    a. the manner in which the affairs of the Corporation are to be conducted;

    b. the business in which the Corporation should engage; or

    c. any other matter where the disagreement is of such a nature that it is likely to prejudice the operations or profitability of the Corporation

and if the Material Dispute cannot be resolved within a reasonable period or through the mediation and arbitration provisions included in this Agreement, then any Shareholder (the "Initiating Shareholder") may initiate a forced buy or sell agreement (the "Shot Gun Provision").

25. If there are only two Shareholders to this Agreement at the time this Shot Gun Provision is utilized, the Initiating Shareholder will give a written offer (the "Offer") to the other Shareholder (the "Offeree") specifying the price per Share (the "Price") at which the Initiating Shareholder is willing to:

    a. sell all of the Shares owned by the Initiating Shareholder; or

    b. purchase all of the Shares owned by the Offeree.

26. The Offeree will, within 15 Business Days of receiving the Offer, give notice to the Initiating Shareholder indicating that the Offeree has elected to either:

FILED AND APPROVED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

    a. purchase the Initiating Shareholder's Shares at the Price; or

    b. sell the Offeree's Shares at the Price.

27. If the Offeree does not respond to the Offer before 5 o'clock in the afternoon on the 15th Business Day after the date on which the Offer was received, the Offeree will be deemed to have agreed to sell the Offeree's Shares to the Initiating Shareholder at the Price.

28. If the Offeree elects to purchase the Initiating Shareholder's Shares, the Offeree will tender a certified check for the Price within 10 Business Days of notifying the Initiating Shareholder that the Offeree has elected to purchase the Initiating Shareholder's Shares, and the Initiating Shareholder will transfer or cause to be transferred to the Offeree all of the Initiating Shareholder's Shares on receipt of the Price.

29. If the Offeree elects or is deemed to elect to sell the Offeree's Shares to the Initiating Shareholder, the Initiating Shareholder will tender a certified check for the Price within 10 Business Days of either the date on which the Initiating Shareholder receives notice that the Offeree has elected to sell the Offeree's Shares or the date on which the Offeree is deemed to have elected to sell the Offeree's Shares to the Initiating Shareholder, and the Offeree will transfer or cause to be transferred to the Initiating Shareholder all of the Offeree's Shares on receipt of the Price.

30. Failure to make a payment required by this Shot Gun Provision or failure to transfer the Shares as required by this Shot Gun Provision will be deemed to be a breach of contract and the non-defaulting party will, in addition to any other remedies available by statute or at law or equity, be entitled to and may elect to, by written notice within 30 Business Days of the default, purchase the defaulting party's Shares at 75% of the Price.

31. If there are more than two Shareholders to this Agreement, the Initiating Shareholder may make an Offer to one of the other Shareholders, and the procedure in this Shot Gun Provision will apply as if there were only two Shareholders. The Initiating Shareholder may also make an offer to the other Shareholders as a group, and the other Shareholders will either come to an agreement among themselves to buy the Initiating Shareholder's Shares or will, as a group, elect to sell all of their Shares to the Initiating Shareholder, and the procedure in this clause will apply.

**Right of First Refusal**

APPROVED AND FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

32. Shareholders are prohibited from selling, transferring or otherwise disposing of their Shares or any interest in their Shares unless:

    a. the Shares are first offered at not more than Fair Market Value to the Shareholders of the class of Shares being sold on a pro rata basis ("Offer One"); and

    b. the Shares remaining after Offer One are offered to all other Shareholders on an equal basis ("Offer Two") for not less than the price specified in Offer One and on terms not more favorable than those in Offer One.

33. The Shares remaining after Offer Two may be offered to any person or entity (the "Third Party Offer") for a period of 180 days from the date on which Offer Two was made for not less than the price specified in Offer Two and on terms not more favorable than those in Offer One.

34. Offer One, Offer Two and the Third Party Offer (collectively and individually the "Offer") will be in writing and will specify:

    a. the price at which the Shares are offered;

    b. the date by which time the Offer must be accepted, which will be not less than 10 Business Days from the date on which the Offer is made;

    c. the terms of the Offer; and

    d. the closing date for the sale of the Shares, which will be between 30 and 90 Business Days from the date on which the Offer is accepted.

35. Any Offer not accepted within the time period specified for accepting the Offer will be deemed to be declined.

**Tag-Along Provisions**

36. If a transaction involving the sale of Shares to a person, firm, partnership, association, or other entity that was not previously a Shareholder of the Corporation (a "Third Party") will result in the Third Party acquiring 50% or more of the Shares in the Corporation, the selling Shareholder or Shareholders ("Selling Shareholder") will not be entitled to sell the Shares unless the Third Party offers the following options to each remaining Shareholder ("Remaining Shareholder"):

FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

a. The Third Party will offer to purchase any Remaining Shareholder's Shares. This offer will remain open for a period of 90 days from the date on which the Third Party first acquires Shares in the Corporation.

b. If the Remaining Shareholder is selling Shares of the same class and series as the Shares purchased by the Third Party, the price will be the same.

c. If the Remaining Shareholder is selling Shares of a class or series other than the Shares purchased by the Third Party, the price will be the Fair Market Value of the Shares. If the Fair Market Value of the Shares is unknown, the Third Party will bear the cost of determining the Fair Market Value of the Shares.

d. The Third Party will purchase the Remaining Shareholder's Shares on terms that are substantially similar to and not less favorable to the Remaining Shareholder than those in the transaction between the Selling Shareholder and the Third Party.

## Dividends

37. Subject to corporate law solvency requirements and to the extent permitted by law and after payment of any Shareholder loans and after establishing sufficient reserves for the normal operation of the Corporation's business activities and debt serving requirements, all of the Corporation's profits will be distributed by way of dividend. Dividends will be distributed annually.

## Conflict of Opportunities and Non-Competition

38. Each Shareholder agrees that any business opportunity that comes to the attention of the Shareholder while the Shareholder is a Shareholder, director, officer or employee of the Corporation and that is similar to or that relates to the current or anticipated business opportunities of the Corporation or that arises out the Shareholder's connection with the Corporation, belongs to the Corporation.

39. Each Shareholder agrees that while a Shareholder, director, officer or employee of the Corporation and for a period of 6 months after ceasing to be a Shareholder, director, officer or employee of the Corporation, the Shareholder will not, solely or jointly with others:

FILED AND APPROVED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

a. undertake, plan, organize or be involved in any way with any business or any business activity that competes with the current or anticipated business of the Corporation in the geographic area in which the Corporation carries on its usual business; or

b. divert or attempt to divert from the Corporation any business the Corporation enjoyed, solicited, or attempted to solicit from its customers, prior to the Shareholder ceasing to be a Shareholder.

40. Each Shareholder agrees that for so long as the Shareholder is a Shareholder, director, officer or employee of the Corporation, the Shareholder will not engage or participate in any other business activities that conflict with the best interests of the Corporation.

### Non-Solicitation

41. Each Shareholder agrees that while a Shareholder, director, officer or employee of the Corporation and for a period of 6 months after ceasing to be a Shareholder, director, officer or employee of the Corporation, the Shareholder will not in any way, directly or indirectly, induce any Shareholder, director, officer or employee of the Corporation to leave their position with the Corporation or to compete in any way with the Corporation and will not interfere with the Corporation's relationship with its other Shareholders, directors, officers or employees. Such enticement or interference would be harmful and damaging to the Shareholders and to the Corporation.

### Notice of this Agreement on Share Certificates

42. Any and all share certificates issued by the Corporation will have subscribed on them the following notice, or a notice in substantially the following form:
   - The shares represented by this certificate are subject to the provisions of a shareholder agreement, made the 31st day of March, 2020, which restricts the right to sell, transfer or encumber any shares in the Corporation, including the shares represented by this certificate. Notice of the said agreement is hereby given. A copy of the said agreement may be obtained by sending a written request to the Board of Directors for the Corporation.

### Effective Date and Term

43. This Agreement will come into effect on the 31st day of March, 2020.

44. This Agreement will remain in effect until the earliest of:

RECEIVED AND FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

a. the date specified in a written agreement, signed by all of the Shareholders, terminating this Agreement; or

b. the bankruptcy, winding-up or dissolution of the Corporation.

## Address for Notice

45. Service of all notices under this Agreement will be sufficient if delivered personally or mailed certified, return receipt requested, postage prepaid, to the following addresses:

- David L. Williams, Jr.
  11195 Helm Drive #727 Zionsville, IN 46077

- EBX Enterprises, LLC
  650 East Palisade Avenue #2-201 Englewood Cliffs, NJ 07632

- Ocean's Promise Inc.
  11195 Helm Drive, Suite 727, Zionsville, IN 46077

46. Any Shareholder may, on written notice to all other Shareholders and the Corporation, change the Shareholder's address for notice under this Agreement. If the Corporation's registered address changes, the Corporation may, on written notice to all Shareholders, change its address for notice under this Agreement.

## Severability

47. If there is a conflict between any provision of this Agreement and the Act, the Act will prevail and this Agreement will be amended in order to comply with the Act. Further, any provisions required by the Act are incorporated into this Agreement.

48. If there is a conflict between any provision of this Agreement and any form of Agreement prescribed by the Act, that prescribed form will prevail and such provisions of the Agreement will be amended or deleted as necessary in order to comply with that prescribed form. Further, any provisions that are required by that prescribed form are incorporated into this Agreement.

49. In the event that any of the provisions of this Agreement are held to be invalid or unenforceable in whole or in part, those provisions to the extent enforceable and all other provisions shall

RECEIVED AND FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

nevertheless continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Agreement and the remaining provisions had been executed by the Parties subsequent to the expungement of the invalid provision.

### General Provisions

50. This Agreement will not be amended or modified except by the written agreement of all the Shareholders. All Shareholders, without the consent of the Corporation, may modify, amend or rescind this Agreement.

51. This Agreement constitutes the entire agreement between the Parties and supersedes any previous agreement or representation with respect to the matters set forth in this Agreement, and there are no conditions, warranties, representations, agreements, express or implied, relating to such matters.

52. This Agreement will be construed in accordance with and governed by the laws of the State of Indiana.

53. Headings are inserted for the convenience of the Parties and for the purpose of interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa. Words in the neuter mean and include the masculine and feminine and vice versa.

54. This Agreement will inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors and assigns, as the case may be, of the Parties.

55. This Agreement may be executed in counterparts. Facsimile signatures are binding and are considered to be original signatures.

56. Time is of the essence in this Agreement.

57. The Parties will do all acts and things and execute all documents that are reasonably necessary or advantageous to enforce this Agreement according to its tenor and intent and each Party will bear that Party's own expenses in connection with the same.

58. All dollar amounts in this Agreement refer to US Dollars, and all payments required to be paid under this Agreement will be paid in US Dollars unless the Parties agree otherwise.

APPROVED AND FILED
CONNIE LAWSON
INDIANA SECRETARY OF STATE
04/29/2020 10:53 AM

59. No Party will be liable in damages or have the right to terminate this Agreement for any delay or default in performance if such delay or default is caused by conditions beyond that Party's control including, but not limited to acts of God or government restrictions, wars, insurrections, natural disasters, such as earthquakes, hurricanes or floods and/or any other cause beyond the reasonable control of the Party whose performance is affected.

**IN WITNESS WHEREOF** the Parties have executed this Agreement on this 28th day of April, 2020.

David L. Williams, Jr. Shareholder

EBX Enterprises, LLC Shareholder

Per: _____ (SEAL)

Elijah W. Bland
Managing Member

Ocean's Promise Inc. Corporation

Per: _____ (SEAL)

David L. Williams, Jr.
President/CEO

Page 13 of 13

## SHAREHOLDERS' RESOLUTION OF

## APPROVAL OF DISSOLUTION

A Special meeting of the shareholders of Ocean's Promise, Inc. was held at the corporation's principal offices at 11195 Helm Drive, Suite 727, Zionsville, IN 46077 and called to order at 4:00 p.m. pursuant to notice or waiver of notice; and a quorum being present, the following resolutions were adopted:

RESOLVED, that Ocean's Promise, Inc. shall dissolve; and it is

FURTHER RESOLVED, that the CEO of this Corporation is hereby directed to file the necessary Certificate of Dissolution of a Corporation in the appropriate state office.

I, David L. Williams, certify that I am the duly appointed CEO of Ocean's Promise, Inc. and that the above resolutions were adopted by the shareholders and that such resolutions are now in full force and effect.

IN WITNESS THEREOF, I certify by my hand and the signatures of the shareholders of the Corporation that this is a true and correct copy.

David L Williams Jr
CEO                                          8/31/20
                                             Date

COO                                          08/31/2020
                                             Date

Case 1:21-cv-00353-JMS-DLP   Document 1-2   Filed 02/12/21   Page 32 of 49 PageID #: 37

49D06-2011-PL-044484

Marion Superior Court, Civil Division 6

Filed: 12/17/2020 6:52 PM
Clerk
Marion County, Indiana

## State of Indiana
## Office of the Secretary of State

### Certificate of Dissolution
of
# OCEAN'S PROMISE, INC.

I, CONNIE LAWSON, Secretary of State, hereby certify that Articles of Dissolution of the above Domestic For-Profit Corporation have been presented to me at my office, accompanied by the fees prescribed by law and that the documentation presented conforms to law as prescribed by the provisions of the Indiana Code.

NOW, THEREFORE, with this document I certify that said transaction will become effective Tuesday, September 01, 2020.



In Witness Whereof, I have caused to be affixed my signature and the seal of the State of Indiana, at the City of Indianapolis, September 01, 2020.



CONNIE LAWSON
SECRETARY OF STATE

202003311382783 / 8704969

To ensure the certificate's validity, go to https://bsd.sos.in.gov/PublicBusinessSearch

| **APPROVED AND FILED** |
| :---: |
| CONNIE LAWSON |
| INDIANA SECRETARY OF STATE |
| 09/01/2020 12:37 PM |

## ARTICLES OF DISSOLUTION

## NAME AND PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **BUSINESS ID** | 202003311382783 |
| **BUSINESS TYPE** | Domestic For-Profit Corporation |
| **BUSINESS NAME** | OCEAN'S PROMISE, INC. |
| **PRINCIPAL OFFICE ADDRESS** | 11200 Helm Drive, Suite 1012, Zionsville, IN, 46077, USA |
| **CREATION DATE** | 03/31/2020 |

## EFFECTIVE DATE

| | |
|---|---|
| **EFFECTIVE DATE** | 09/01/2020 |
| **EFFECTIVE TIME** | 11:48AM |

## AUTHORIZATION DATE

| | |
|---|---|
| **AUTHORIZATION DATE** | 08/31/2020 |

## GENERAL INFORMATION

**MANNER OF ADOPTION AND VOTE**

Dissolution approved by Vote of Shareholders : True
    Shares entitled to vote (total) : 1000000
    Shares voted in favor : 1000000
    Shares voted against : 0
    The total number of votes cast for dissolution was sufficient for approval : True

**APPROVED AND FILED**
CONNIE LAWSON
INDIANA SECRETARY OF STATE
09/01/2020 12:37 PM

## SIGNATURE

THE UNDERSIGNED OFFICER OF THIS CORPORATION DESIRES TO GIVE NOTICE OF CORPORATE ACTION EFFECTUATING THE DISSOLUTION OF THE CORPORATION PURSUANT TO THE PROVISIONS OF THE INDIANA BUSINESS CORPORATION LAW.

IN WITNESS WHEREOF, THE UNDERSIGNED HEREBY VERIFIES, SUBJECT TO THE PENALTIES OF PERJURY, THAT THE STATEMENTS CONTAINED HEREIN ARE TRUE, THIS DAY **September 1, 2020**.

**SIGNATURE**        Edward D. Thomas

**TITLE**        Legal Representative

Business ID : 202003311382783
Filing No :    8704969

STATE OF INDIANA        )            IN THE MARION SUPERIOR COURT
                        )SS:
COUNTY OF MARION        )            CAUSE NO.

DAVID A. WILLIAMS, JR., derivatively on        )
behalf OCEAN'S PROMISE, INC.                   )
                                               )
                    Plaintiff,                 )
                                               )
            v.                                 )
                                               )
EBX ENTERPRISES, LLC, and                      )
ELIJAH W. BLAND                                )
                                               )
                    Defendants.                )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification: Initiating  __X__  Responding  _____  Intervening _____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member:  David A. Williams, Jr.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name:        Jason D. May                        Attorney No. 27434-49
    Address:     9201 N. Meridian Street             Phone: (317) 218-3859
                 Suite 220                           Fax: (888) 320-7409
                 Indianapolis, Indiana 46260         jason.may@jasonmaylaw.com

    Name:        Edward D. Thomas                     Attorney No. 29080-49
    Address:     9201 N. Meridian Street             Phone: (317) 218-3859
                 Suite 220                           Fax: (888) 320-7409
                 Indianapolis, Indiana 46260         ethomas@jasonmaylaw.com

3. There are other party members:  Yes____No__X__

4. If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):   CP

5. I will accept service by FAX at the above noted number:  Yes_____        No__X___

6. This case involves support issues. Yes_____     No__X__

7. There are related cases: Yes_____        No__X__

8. This form has been served on all other parties.  Certificate of Service is attached:
   Yes_____        No ___X___

                                 Respectfully submitted,

                                 JASON MAY LAW

                                 */s/ Jason D. May*_____
                                 Jason D. May, Attorney No. 27434-49
                                 9201 N. Meridian Street, Suite 220
                                 Indianapolis, IN 46260
                                 (317) 218-3859
                                 jason.may@jasonmaylaw.com
                                 *Attorneys for Plaintiff*

                                 */s/ Edward D. Thomas*_____
                                 Edward D. Thomas, Attorney No. 29080-49
                                 9201 N. Meridian Street, Suite 220
                                 Indianapolis, IN 46260
                                 (317) 218-3859
                                 ethomas@jasonmaylaw.com
                                 *Attorneys for Plaintiff*

Case 1:21-cv-00353-JMS-DLP Document 1-2 Filed 02/12/21 Page 37 of 49 PageID #: 42

49D06-2012-PL-044484

Marion Superior Court, Civil Division 6

Filed: 12/17/2020 6:52 PM
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| DAVID A. WILLIAMS, JR., derivatively on<br>behalf OCEAN'S PROMISE, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| EBX ENTERPRISES, LLC, and<br>ELIJAH W. BLAND | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## SUMMONS

To:     Elijah W. Bland
        45 West 132nd Street, Apt 15N
        New York, New York 10037

You are hereby notified that you have been sued by the persons and/or entity named as Plaintiff in the Marion County Superior Court as indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 12/18/2020

_Myla A. Eldridge_
Clerk, Marion County Superior Court

The following manner of service of this Summons is hereby designated:
☒ Registered or Certified Mail.
___ Service at place of employment, to–wit _____
___ Service on individual (Personal or copy) at above address.
___ Service on agent. (Specify) _____
___ Other service (Specify) _____

MARION COUNTY CO...
SEAL
INDIANA

The Plaintiff is represented in this action by:

**JASON MAY LAW**
Jason D. May
9201 N. Meridian Street, Suite 220
Indianapolis, Indiana 46260
(317) 218-3859

## Clerk's Certificate of Mailing

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204 by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated:_____                    _____

                                           Clerk, Marion County Superior Court

## Return on Service of Summons by Certified Mail

I hereby certify that the attached return receipt was received by me showing that the Summons and copy of the Complaint mailed to Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204, was accepted by the Defendant on the _____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the _____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204, was accepted by _____ on behalf of said Defendant on the _____ day of _____, 2020.


_____

Clerk, Marion County Superior Court

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| DAVID A. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EBX ENTERPRISES, LLC, and ELIJAH W. BLAND | ) ) ) |
| Defendants. | ) ) ) |

## SUMMONS

To:   EBX Enterprises, LLC
      650 East Palisade Avenue
      Suite 2-201
      Englewood Cliffs, New Jersey 07632

You are hereby notified that you have been sued by the persons and/or entity named as Plaintiff in the Marion County Superior Court as indicated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 12/18/2020

_Myla A. Eldridge_
Clerk, Marion County Superior Court

The following manner of service of this Summons is hereby designated:
X   Registered or Certified Mail.
___ Service at place of employment, to–wit _____
___ Service on individual (Personal or copy) at above address.
___ Service on agent. (Specify) _____
___ Other service (Specify) _____

The Plaintiff is represented in this action by:

**JASON MAY LAW**
Jason D. May
9201 N. Meridian Street, Suite 220
Indianapolis, Indiana 46260
(317) 218-3859

## Clerk's Certificate of Mailing

I hereby certify that on the _____ day of _____, 2020, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204 by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated:_____

_____
Clerk, Marion County Superior Court

## Return on Service of Summons by Certified Mail

I hereby certify that the attached return receipt was received by me showing that the Summons and copy of the Complaint mailed to Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204, was accepted by the Defendant on the _____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the _____ day of _____, 2020.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant, Great Jones Indiana, LLC, c/o Eden M. South, Midwest Regional Manager, at 55 Monument Circle, Suite 923, Indianapolis, IN 46204, was accepted by _____ on behalf of said Defendant on the _____ day of _____, 2020.

_____
Clerk, Marion County Superior Court

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| DAVID A. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EBX ENTERPRISES, LLC, and ELIJAH W. BLAND | ) ) ) |
| Defendants. | ) ) |

**IDENTIFYING NOTICE**

---

## Notice Identifying Commercial Court Docket Case

---

The undersigned states that this case is a Commercial Court Docket Case eligible for assignment to the Commercial Court Docket pursuant to Commercial Court Rule 2.

Pursuant to Rule 4 of the Commercial Court Rules, the undersigned requests the Clerk of Court assign this case to the Commercial Court Docket.

Respectfully submitted,


Jason D. May, Attorney No. 27434-49
Edward D. Thomas, Attorney No. 29080-49
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
(317) 218-3859
jason.may@jasonmaylaw.com
edward.thomas@jasonmaylaw.com
*Attorneys for Plaintiffs*

Filed: 1/29/2021 2:59 PM
Clerk
Marion County, Indiana

STATE OF INDIANA      )           IN THE MARION SUPERIOR COURT
                       ) SS:
COUNTY OF MARION     )           CASE NO. 49D06-2012-PL-044484

DAVID L. WILLIAMS, JR., derivatively  )
on behalf of OCEAN'S PROMISE, INC.,  )
                             )
          Plaintiff,         )
                             )
     v.                     )
                             )
EBX ENTERPRISES, LLC and     )
ELIJAH W. BLAND,          )
                             )
          Defendants.      )

## **E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
Initiating _____   Responding __X__   Intervening _____; and the undersigned
attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party: **_EBX ENTERPRISES, LLC and ELIJAH W. BLAND_____**
Address of party *(see Question # 5 below if this case involves a protection from abuse order,
a workplace violence restraining order, or a no-contact order)*

_____
_____
Telephone number of party: _____
*(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2):

Eric J. McKeown, Attorney No. 27597-49
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2124 (telephone)
(317) 592-4228 (facsimile)
Eric.McKeown@icemiller.com

**IMPORTANT**:  Each attorney specified on this appearance:
(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b) **acknowledges that all orders, opinions, and notices from the Court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the e-mail address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a ___PL___ case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes _____ No __X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes _____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____ Attorney's address
_____ The Attorney General Confidentiality program address
(contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**)
_____ Another address (provide)
_____

This case involves a petition for involuntary commitment. Yes _____ No __X__

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
    (i)   Date of Birth _____
    (ii)  Driver's License Number _____
          State where issued _____ Expiration date _____
    (iii) State ID number
    (iv)  FBI number _____
    (v)   Indiana Department of Corrections Number _____

(vi)   Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7.   There are related cases: Yes ____ No __**X**__  *(If yes, list on continuation page.)*

8.   Additional information required by local rule: _____

9.   There are other party members: Yes ____ No _____  *(If yes, list on continuation page.)*

10.  This form has been served on all other parties and Certificate of Service is attached:
     Yes __**X**__ No ___

/s/  Eric J. McKeown_____
Eric J. McKeown, Attorney No. 27597-49
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2124
Eric.McKeown@icemiller.com

Attorney for Defendants
EBX Enterprises, LLC and Elijah W. Bland

- 3 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 29, 2021, I electronically filed the foregoing document using the

Indiana E-Filing System (IEFS).

I also certify that on January 29, 2021, the foregoing document was served upon the

following person(s) via IEFS.

> Jason D. May
> Edward D. Thomas
> JASON MAY LAW
> 9201 N. Meridian Street
> Suite 220
> Indianapolis, IN  46260
> jason.may@jasonmaylaw.com
> ethomas@jasonmaylaw.com

> /s/  Eric J. McKeown
> Eric J. McKeown
> ICE MILLER LLP
> One American Square
> Suite 2900
> Indianapolis, IN  46282-0200

Filed: 2/3/2021 5:09 PM
Clerk
Marion County, Indiana

STATE OF INDIANA           )           IN THE MARION SUPERIOR COURT
                           ) SS:
COUNTY OF MARION           )           CASE NO. 49D06-2012-PL-044484


DAVID L. WILLIAMS, JR., derivatively     )
on behalf of OCEAN'S PROMISE, INC.,      )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )
                                         )
EBX ENTERPRISES, LLC and                 )
ELIJAH W. BLAND,                         )
                                         )
          Defendants.                    )


## NOTICE OF AUTOMATIC ENLARGEMENT OF TIME
## TO RESPOND TO PLAINTIFF'S COMPLAINT


Defendants, EBX Enterprises, LLC and Elijah W. Bland, by counsel and pursuant to

Indiana Trial Rule 6(B) and Marion County Local Rule 49-TR5-203(D), moves the Court for an

automatic enlargement of time to and including March 8, 2021 to respond to the "Verified

Shareholder Complaint for Damages" ("Complaint") filed by Plaintiff, David L. Williams, Jr.,

derivatively on behalf of Ocean's Promise, Inc.  In support of their motion, Defendants state:

1.       Said response is currently due on or before February 5, 2021 and said time has not

yet expired.

2.       This is Defendants' first request for an enlargement of time to respond to

Plaintiff's Complaint, and is to be automatically allowed pursuant to LR 49-TR5-203(D).

3.       This enlargement of time is necessary for the reason that undersigned counsel has

not had adequate time to study Plaintiff's Complaint, confer with his clients, and conduct

preliminary studies and investigation in order to intelligently respond to the Complaint.

4.       This enlargement of time is not made for the purpose of delay.

WHEREFORE, Defendants move the Court for an automatic enlargement of time to and including March 8, 2021 to respond to Plaintiff's Complaint, and request all other necessary and proper relief.

Respectfully submitted,

/s/  Eric J. McKeown
Eric J. McKeown, Attorney No. 27597-49
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2124
Eric.McKeown@icemiller.com

Attorney for Defendants
EBX Enterprises, LLC and Elijah W. Bland

## CERTIFICATE OF SERVICE

I certify that on February 1, 2021, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on February 1, 2021, the foregoing document was served upon the following person(s) via IEFS.

Jason D. May
Edward D. Thomas
JASON MAY LAW
9201 N. Meridian Street
Suite 220
Indianapolis, IN  46260
jason.may@jasonmaylaw.com
ethomas@jasonmaylaw.com

/s/  Eric J. McKeown
Eric J. McKeown
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200