# EXHIBIT B

| | | |
|---|---|---|
| STATE OF INDIANA | ) )SS: | IN THE MARION SUPERIOR COURT |
| COUNTY OF MARION | ) | CAUSE NO. |

DAVID L. WILLIAMS, JR., derivatively on )
behalf OCEAN'S PROMISE, INC. )
                                                       )
        Plaintiff,                         )
                                                       )
       v.                              )
                                                       )
EBX ENTERPRISES, LLC, and )
ELIJAH W. BLAND )
                                                       )
       Defendants.                   )

## VERIFIED SHAREHOLDER COMPLAINT FOR DAMAGES

Comes now the Plaintiff, David L. Williams, Jr. ("Williams" or "Plaintiff"), by counsel, brings this Verified Shareholder Derivative Complaint against Defendants, in the name of and on behalf of Ocean's Promise, Inc. ("Ocean's Promise" or the "Company")(collectively, "Williams" and "Ocean's Promise" are referred to as "Plaintiffs"), and against certain officers and/or shareholders of Ocean's Promise named herein.

### SUMMARY OF THE ACTION

1. This is a shareholder derivative action brought by an Ocean's Promise shareholder on behalf of the Company, and against the only other officer and shareholder, seeking remedy for Defendants EBX Enterprises, LLC ("EBX") and Elijah W. Bland's ("Bland")(collectively "the Defendants") breaches of fiduciary duty, self-dealing and conversion.

2. In particular, Ocean's Promise's corporate officers, Williams and Bland approved the dissolution of the Company on or about August 31, 2020. Since that time, Bland has failed to cooperate with Williams in satisfying the parties' obligatons under the Indiana Business

1

Corporation Act, including winding down the Company as required under law. Moreover, Bland and EBX (an entity solely owned and controlled by Bland) have since breached their fiduciary duties, engaged in self-dealing, and converted certain assets of the Company, including profiting from the Ocean's Promise trademark, to the detriment of the Company and Williams.

3. Plaintiff brings this action to recoup the profits derived by the Defendants unauthorized use of the Ocean's Promise trademark since the date of the Company's formal dissolution on or about August 31, 2020, and to require the Defendants to cooperate in formally winding down the Company as required under Indiana law.

### JURISDICTION AND VENUE

4. This Court has jurisdiction to preside over the Defendants as they transacted business and made contracts in the State of Indiana pursuant to Indiana Trial Rule 4.4(A), *et. seq*. Venue in Marion County is appropriate as the parties have agreed that all disputes will be resolved in Marion County.

### PARTIES

5. Williams is an individual who resides in Indiana and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

6. Ocean's Promise is a domestic for-profit corporation, lawfully organized and existing under the laws of the State of Indiana, with its principal place of business located at 11200 Helm Drive, Suite 1012, Zionsville, IN 46077.

7. EBX is a limited liability company, lawfully organized and existing under the laws of the State of New Jersey, with its principal place of business located at 650 East Palisade Avenue, Suite

2-201, Englewood Cliffs, NJ 07632, and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

8. Bland is an individual who upon information and belief, resides in New York, and at all times relevant hereto has been the sole owner and shareholder of EBX Enterprises, LLC.

## FACTUAL BACKGROUND

9. In late 2019, Williams began a business selling sea moss gel (the "Sea Moss Products") under the brand name Ocean's Promise. Williams sold the Sea Moss Products to various health foods stores in the Indianapolis area.

10. In early 2020, Williams hired Bland to assist him with designing product labels, and setting up various social media and retail platforms for his new business.

11. On March 31, 2020, Williams and Bland formally incorporated Ocean's Promise, Inc. with the Indiana Secretary of State's office. A true and correct copy of Ocean's Promise, Inc.'s business entity details from the Indiana Secretary of State is attached hereto as **Exhibit A**.

12. On March 31, 2020, a trademark application was submitted to the United States Patent and Trademark Office ("USPTO") on behalf of Ocean's Promise, Inc. (the "Ocean's Promise Trademark"). A true and correct copy of the Ocean's Promise Trademark details from the USPTO is attached hereto as **Exhibit B**.

13. On April 28, 2020, Williams and EBX entered into an amended Shareholder Agreement governing their respective interests, obligations, liabilities, ownership and rights in Ocean's Promise, Inc. Bland, as the sole shareholder of EBX, executed the Shareholder Agreement on EBX's behalf. A true and correct copy of the amended Shareholder Agreement is attached hereto as **Exhibit C**.

3

14. Williams and Bland operated the Company throughout the spring and summer of 2020, including securing additional customers and generating a profit over this time frame.

15. In the fall of 2020, Williams and Bland encountered a material disagreement on how to continue operating the Company. Despite settlement discussions in an attempt to resolve their dispute, Williams and Bland could not come to an agreement, and ultimately agreed to dissolve the Company and go their separate ways.

16. On August 31, 2020, following a special meeting of the shareholders, Williams and Bland entered into a Shareholder's Resolution of Approval of Dissolution, thereby authorizing the formal dissolution of Ocean's Promise, Inc. (the "Approval of Dissolution"). A true and correct copy of the Approval of Dissolution is attached hereto as **Exhibit D**.

17. On August 31, 2020, Ocean's Promise, Inc. filed its voluntary notice of dissolution (the "Notice of Dissolution) with the Indiana Secretary of State's office, with an effective date of September 1, 2020. A true and correct copy of the Notice of Dissolution is attached hereto as **Exhibit E**.

18. Following the formal dissolution of Ocean's Promise, Inc., Williams and Bland, with the assistance of their respective legal counsel, were to begin the winding down process of the Company as required under the Indiana Business Corporation Law.

19. To this end, Williams and Bland verbally agreed on the distribution of the Company's assets and liabilities; however, they were unable to come to agreement on the disposition of the Ocean's Promise Trademark, which necessarily included the related websites and social media platforms which utilize the Ocean's Promise Trademark in selling the Sea Moss Products.

20. Despite Williams and Bland's inability to agree on the disposition of the Ocean's Promise Trademark, Williams immediately became aware of Bland's actions in continuing to leverage the

Oceans' Promise Trademark for his own benefit. Bland took steps to exert exclusive control over the Ocean's Promise Trademark, including Ocean's Promise's retail websites and social media platforms, which resulted in Williams' inability to have visibility into and/or exercise his right to access the Company's business information and related transactions.

21. Furthermore, Plaintiffs recently became aware that on or about November 10, 2020, Bland contacted the USPTO and submitted documentation to permanently change the Company's address from the Indiana location to a location solely controlled and operated by Bland in Englewood Cliffs, New Jersey.

22. Bland continues to carry on business in violation of the Indiana Business Corporation Law. Moreover, Bland has wrongfully taken steps to convert the Ocean's Promise Trademark for the benefit of EBX and/or his own personal benefit, thereby generating profits for EBX, to the detriment of Ocean's Promise and Williams.

23. Williams brings this action derivatively in the right of and for the benefit of Ocean's Promise to redress the injures suffered, and to be suffered, by Ocean's Promise as a direct result of the violations of state law, including breaches of fiduciary duty, self-dealing and conversion by EBX and Bland.

24. The wrongful acts complained of herein, subject and will continue to subject, Ocean's Promise and Williams to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

## COUNT I: BREACH OF FIDUCIARY DUTY

25. Plaintiffs incorporate rhetorical paragraphs 1 through 24 above as if fully set forth herein.

26. By reason of their fiduciary relationship with Ocean's Promise, the Defendants owed and owe Ocean's Promise and Williams the highest obligation of loyalty.

27. In derogation of these duties, the Defendants have harmed and continue to harm the Company by improperly profiting from the Ocean's Promise Trademark for the Defendants' sole benefit, thereby generating profits for EBX, to the detriment of Ocean's Promise and Williams.

28. As a result of the Defendants' breaches, Ocean's Promise and Williams have suffered, and will continue to suffer significant damages, as explained herein. Thus, the Defendants are liable to the Company.

29. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Reasonable attorney's fees; and

c. The costs in bringing this action.

## COUNT II: SELF DEALING

30. Plaintiffs incorporate rhetorical paragraphs 1 through 29 above as if fully set forth herein.

31. The Defendants have violated the fiduciary duties of care, loyalty, good faith, and independence owed to the shareholders of Ocean's Promise, and have acted to put their personal interests ahead of the interests of Ocean's Promise's shareholders, including Williams.

32. By the acts, transactions, and courses of conduct alleged herein, the Defendants, individually and acting as part of a common plan, are attempting to unfairly deprive the Plaintiffs of the value inherent in and arising from the Ocean's Promise Trademark.

33. Unless enjoined by this Court, the Defendants will continue to breach their fiduciary duties owed to the Plaintiffs, including profiting from the Ocean's Promise Trademark, thereby excluding the Plaintiffs from their fair share of Ocean's Promise's assets and operations, to the detriment of the Plaintiffs.

34. The Defendants are engaged in self-dealing, are not acting in good faith towards the Plaintiffs, including continuing to breach their fiduciary duties to the Ocean's Promise shareholders.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Reasonable attorney's fees; and

c. The costs in bringing this action.

## COUNT III: CONVERSION

35. Plaintiffs incorporate rhetorical paragraphs 1 through 34 above as if fully set forth herein.

36. Defendants, EBX and Bland knew or should have known that they could not exert unauthorized control over the Ocean's Promise Trademark to the detriment of the Plaintiffs.

37. Williams has informed EBX and Bland of their actions in exercising unauthorized control over the Ocean's Promise Trademark, including advising Bland to cease his wrongful actions.

38. Defendants, EBX and Bland refused, and continue to convert the Ocean's Promise Trademark for their own personal benefit to the detriment of the Company and Williams.

39. Plaintiffs have not consented in any manner to the Defendants' unauthorized use of the Ocean's Promise Trademark

40. Defendants, EBX and Bland intended to deprive the Plaintiffs of their rights in the Ocean's Promise Trademark in violation of Ind. Code § 34-24-3-1.

41. Plaintiffs have been damaged as a result of the deceptive act of the Defendants, EBX and Bland, in exerting unauthorized control over the Ocean's Promise Trademark for their own personal benefit.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Treble damages pursuant to Indiana's Crime Victim Relief Act;

c. Reasonable attorney's fees; and

d. The costs in bringing this action.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

Jason D. May, Attorney No. 27434-49
Edward D. Thomas, Attorney No. 29080-49
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
(317) 218-3859
jason.may@jasonmaylaw.com
edward.thomas@jasonmaylaw.com
*Attorneys for Plaintiff*

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

DAVID A. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC.

      Plaintiff,

      v.

EBX ENTERPRISES, LLC, and
ELIJAH W. BLAND

      Defendants.

## VERIFICATION

I, David Williams, state that the information contained in the attached *Verified Shareholder Complaint for Damages* is based upon my personal knowledge. To the best of my information and belief, I affirm under the penalties for perjury that the foregoing representations are true and accurate.

   12/15/2020   
DATE

_____
David Williams
CEO, Ocean's Promise, Inc.

9