UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:21-cv-00353-JMS-DLP<br>)<br>) |
| EBX ENTERPRISES, LLC, and ELIJAH W. BLAND | )<br>)<br>) |
| Defendants. | )<br>) |

# VERIFIED SHAREHOLDER'S FIRST AMENDED COMPLAINT FOR DAMAGES

Comes now the Plaintiff, pursuant to Federal Rule of Civil Procedure 15(a), David L. Williams, Jr. ("Williams"), for himself and as a Member of Ocean's Promise, Inc. ("Ocean's Promise" or the "Company")(collectively, "Williams" and "Ocean's Promise" are referred to as "Plaintiffs"), by counsel, for their claims against Defendants, Elijah W. Bland ("Bland"), individually, and as a Member of EBX Enterprises, LLC ("EBX")(collectively, "Bland" and "EBX" are referred to as "Defendants"),

## SUMMARY OF THE ACTION

1. This is a shareholder derivative action brought by an Ocean's Promise shareholder on behalf of the Company, and against the only other officer and shareholder, seeking remedy for Defendants EBX Enterprises, LLC ("EBX") and Elijah W. Bland's ("Bland")(collectively "the Defendants") breaches of fiduciary duty, self-dealing and conversion.

2. In particular, Ocean's Promise's corporate officers, Williams and Bland approved the dissolution of the Company on or about August 31, 2020. Since that time, Bland has failed to

cooperate with Williams in satisfying the parties' obligations under the Indiana Business Corporation Act, including winding down the Company as required under law. Moreover, Bland and EBX (an entity solely owned and controlled by Bland) have since breached their fiduciary duties, engaged in self-dealing, and converted certain assets of the Company, including wrongly profiting from the Ocean's Promise trademark, in violation of the Indiana Business Corporation Law ("IBCL") and to the detriment of the Company and Williams.

3. Plaintiff brings this action to recoup the profits wrongly derived by the Defendants unauthorized use of the Ocean's Promise trademark since the date of the Company's formal dissolution on or about August 31, 2020, and to require the Defendants to cooperate in formally winding down the Company as required under the IBCL.

## JURISDICTION AND VENUE

4. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332, as amended, which provides for original jurisdiction of all civil actions in the District Court between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332, as amended.

## PARTIES

5. Williams is an individual who resides in Indiana and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

6. Ocean's Promise is a domestic for-profit corporation, lawfully organized and existing under the laws of the State of Indiana, with its principal place of business located at 11200 Helm Drive, Suite 1012, Zionsville, IN 46077. Therefore, Plaintiffs are citizens of Indiana.

7. EBX is a limited liability company, lawfully organized and existing under the laws of the State of New Jersey, with its principal place of business located at 650 East Palisade Avenue, Suite 2-201, Englewood Cliffs, NJ 07632, and at all times relevant hereto has been an owner and shareholder of Ocean's Promise, Inc.

8. Bland is an individual who upon information and belief, resides in New York, New York and at all times relevant hereto has been a citizen of New York. Bland is also EBX's sole member. Therefore, EBX is a citizen of New York. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)("[W]e conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

## FACTUAL BACKGROUND

9. In early August 2019, Williams began a business selling sea moss gel (the "Sea Moss Products") under the brand name Ocean's Promise. Williams sold the Sea Moss Products to various health foods stores in the Indianapolis area.

10. In early September 2019, Williams hired Bland to assist him with designing product labels, and setting up various social media and retail platforms for his new business.

11. On March 31, 2020, Williams and Bland formally incorporated Ocean's Promise, Inc. with the Indiana Secretary of State's office. A true and correct copy of Ocean's Promise, Inc.'s business entity details from the Indiana Secretary of State is attached hereto as **Exhibit A**.

12. On March 31, 2020, a trademark application was submitted to the United States Patent and Trademark Office ("USPTO") on behalf of Ocean's Promise, Inc. (the "Ocean's Promise Trademark"). A true and correct copy of the Ocean's Promise Trademark details from the USPTO is attached hereto as **Exhibit B**.

13. On April 28, 2020, Williams and EBX entered into an amended Shareholder Agreement governing their respective interests, obligations, liabilities, ownership and rights in Ocean's Promise, Inc. Bland, as the sole shareholder of EBX, executed the Shareholder Agreement on EBX's behalf. A true and correct copy of the amended Shareholder Agreement is attached hereto as **Exhibit C**.

14. Williams and Bland operated the Company throughout the spring and early summer of 2020, including securing additional customers and generating a significant growth in profits over this time frame.

15. In mid-July, Williams and Bland began experiencing various disagreements relating to operating the Company. As an apparent result of the partners' internal disagreements, Bland took steps to unilaterally block Williams' access from all Company retail and social media platforms, in addition to diverting Company funds to EBX.

16. In early August 2020, as a result of Bland's wrongful actions, Williams consulted with the undersigned counsel to determine his rights and options. The undersigned counsel contacted Bland's New York counsel, and the attorneys engaged in discussions in an attempt to assist the parties in arriving at a resolution.

17. Despite these discussions, Williams and Bland could not come to an agreement, and ultimately agreed to dissolve the Company and go their separate ways.

18. On August 31, 2020, following a special meeting of the shareholders, Williams and Bland entered into a Shareholder's Resolution of Approval of Dissolution, thereby authorizing the formal dissolution of Ocean's Promise, Inc. (the "Approval of Dissolution"). A true and correct copy of the Approval of Dissolution is attached hereto as **Exhibit D**.

19. On August 31, 2020, Ocean's Promise, Inc. filed its voluntary notice of dissolution (the "Notice of Dissolution) with the Indiana Secretary of State's office, with an effective date of September 1, 2020. A true and correct copy of the Notice of Dissolution is attached hereto as **Exhibit E**.

20. Following the formal dissolution of Ocean's Promise, Inc., Williams and Bland, with the assistance of their respective legal counsel, were directed to begin the winding down process of the Company as required under the IBCL.

21. To this end, Williams and Bland verbally agreed on the distribution of the Company's assets and liabilities; however, they were unable to come to agreement on the disposition of the Ocean's Promise Trademark, which necessarily included the related websites and social media platforms which utilized the Ocean's Promise Trademark in selling the Sea Moss Products.

22. Despite Williams and Bland's inability to agree on the disposition of the Ocean's Promise Trademark, Williams became aware of Bland's actions in continuing to wrongfully utilize the Oceans' Promise Trademark for the benefit of EBX and/or his own personal benefit. Moreover, Bland took steps to further exert exclusive control over the Ocean's Promise Trademark, including the retail websites and social media platforms, which resulted in Williams' inability to have visibility into and/or exercise his right to access the Company's business information and related transactions during the winding down process.

23. On or about November 10, 2020, in furtherance of his scheme to defraud and deny Williams of his legal rights as a member of the Company, Bland contacted the USPTO and fraudulently submitted documentation in an attempt to permanently change the Company's address from its Indiana location to a location solely controlled and operated by Bland in Englewood Cliffs, New Jersey.

24. Bland continues to carry on business under the Ocean's Promise Trademark in direct violation of the IBCL. Moreover, Bland has wrongfully taken steps to convert the Ocean's Promise Trademark for the benefit of EBX and/or his own personal benefit, thereby generating profits for himself, to the detriment of Ocean's Promise and Williams.

25. Williams brings this action derivatively in the right of and for the benefit of Ocean's Promise to redress the injuries suffered, and to be suffered, by Ocean's Promise as a direct result of the violations of state law, including breaches of fiduciary duty, self-dealing and conversion by EBX and Bland.

26. The wrongful acts complained of herein, subject and will continue to subject, Ocean's Promise and Williams to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

## COUNT I: BREACH OF FIDUCIARY DUTY

27. Plaintiffs incorporate rhetorical paragraphs 1 through 26 above as if fully set forth herein.

28. By reason of the Defendants' fiduciary relationship with Williams and Ocean's Promise, the Defendants owed and owe Ocean's Promise and Williams the highest obligation of loyalty.

29. In derogation of these duties, the Defendants have harmed and continue to harm the Company and Williams by improperly profiting from the Ocean's Promise Trademark for the Defendants' sole benefit, thereby generating profits for EBX and/or Bland personally, to the detriment of Ocean's Promise and Williams.

30. As a member of Ocean's Promise, Bland breached his fiduciary duties to Williams and Ocean's Promise by, among other things, wrongfully transferring assets of Ocean's Promise to

6

EBX and directing business opportunities of Ocean's Promise away from Ocean's Promise to EBX.

31. Bland abused his authority as the member responsible for the day-to-day operations of Ocean's Promise's websites and social media platforms, by placing his personal interests ahead of the performance of his official duties when he, among other things, diverted money and business from the Company and used the Company's assets for his own personal gain and benefit, as well as that of EBX.

32. Bland's actions were malicious and done for the sole purpose of converting funds from the Company and its members, thus causing significant harm to Williams as a member. As a result, the Plaintiffs are entitled to recover punitive damages against Bland.

33. As a result of the Defendants' breaches, Ocean's Promise and Williams have suffered, and will continue to suffer significant damages, as explained herein. Thus, the Defendants are liable to the Company and Williams.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

    a. Actual damages in an amount to be determined at trial;

    b. Pre and Post Judgment Interest

    c. Reasonable attorney's fees; and

    d. Punitive Damages

    e. The costs in bringing this action.

## COUNT II: SELF DEALING

34. Plaintiffs incorporate rhetorical paragraphs 1 through 33 above as if fully set forth herein.

35. The Defendants have violated the fiduciary duties of care, loyalty, good faith, and independence owed to the shareholders of Ocean's Promise, and have acted to put their personal interests ahead of the interests of Ocean's Promise's shareholders, including Williams.

36. By the acts, transactions, and courses of conduct alleged herein, the Defendants, individually and acting as part of a common plan, are attempting to unfairly deprive the Plaintiffs of the value inherent in and arising from the Ocean's Promise Trademark.

37. Unless enjoined by this Court, the Defendants will continue to breach their fiduciary duties owed to the Plaintiffs, including profiting from the Ocean's Promise Trademark, thereby excluding the Plaintiffs from their fair share of profits derived from the wrongful and ongoing use of the Ocean's Promise Trademark to the detriment of the Plaintiffs.

38. The Defendants are engaged in self-dealing, are not acting in good faith towards the Plaintiffs, including continuing to breach their fiduciary duties to the Ocean's Promise shareholders.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Reasonable attorney's fees; and

c. The costs in bringing this action.

## COUNT III: CONVERSION

39. Plaintiffs incorporate rhetorical paragraphs 1 through 38 above as if fully set forth herein.

40. Defendants, EBX and Bland knew or should have known that they could not carry on any further business following the dissolution of the Company on August 31, 2020.

41. Defendants, EBX and Bland knew or should have known that they could not exert unauthorized control over the Ocean's Promise Trademark to the detriment of the Plaintiffs.

42. Bland was fully aware that he and Williams did not come to an agreement on the disposition of the Ocean's Promise trademark following the partners' agreement to dissolve the Company.

43. Williams has repeatedly informed EBX and Bland of their actions in exercising unauthorized control over the Ocean's Promise Trademark, including advising Bland to cease his wrongful actions.

44. Defendants, EBX and Bland refused, and knowingly continue to exert unauthorized control over the Ocean's Promise Trademark for their own personal benefit and to the detriment of the Company and Williams.

45. Plaintiffs have not consented in any manner to the Defendants' unauthorized use of the Ocean's Promise Trademark.

46. Defendants, EBX and Bland intended to deprive the Plaintiffs of their rights in the Ocean's Promise Trademark in violation of Ind. Code § 34-24-3-1.

47. Plaintiffs have been damaged as a result of the deceptive act of the Defendants, EBX and Bland, in exerting unauthorized control over the Ocean's Promise Trademark for their own personal benefit.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and award:

a. Actual damages in an amount to be determined at trial;

b. Treble damages pursuant to Indiana's Crime Victim Relief Act;

c. Reasonable attorney's fees; and

d. The costs in bringing this action.

## COUNT IV: ACTION FOR ACCOUNTING

48. Plaintiffs incorporate rhetorical paragraphs 1 through 47 above as if fully set forth herein.

49. An action to require an accounting is equitable in nature and has for its purpose the striking of a balance between parties in a fiduciary relationship and enforcing payment of the difference, if any, to the party entitled thereto. *Atwood v. Prairie Vill., Inc.*, 401 N.E.2d 97, 100 (Ind. Ct. App. 1980). After dissolution of a partnership, a partner may bring action against a copartner, alleged to have possession of all the firm assets and to have converted them to his own use, for an accounting, though the firm debts have not been paid. *Adams v. Carmony*, 89 N.E. 327, 328 (Ind. Ct. App. 1909).

50. Bland, as the sole member of EBX, has breached his fiduciary duties to the Company by converting the Ocean's Promise trademark and diverting funds received from the use of said trademark for his personal use and benefit, and by diverting business opportunities of the Company to EBX.

51. Bland's conversion of the Ocean's Promise trademark has resulted in the substantial impairment of the Company's value, including the loss of significant potential member

distributions derived from the unauthorized use of the Ocean's Promise trademark following dissolution of the Company in August 2020.

52. Given Bland's exclusive control over the Ocean's Promise trademark, which necessarily includes the various online business platforms which utilize the Ocean's Promise trademark, Williams is unable to determine and assess the Company's loss of value and the loss of potential member distributions.

53. An accounting of EBX and Bland's income and expenses from August 2020 to the present is necessary to determine the income received by the Defendants during this time period for purposes of ascertaining the loss of potential member distributions owed to Williams as a result of the Defendants' conversion.

WHEREFORE, Plaintiffs request the Court enter judgment for the Plaintiffs and against EBX Enterprises, LLC and Elijah W. Bland, and order:

a. An accounting of EBX and Bland's income and expenses from August 2020 to the present;

b. All other just and proper relief in the premises;

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

*/s/ JDMay*

Jason D. May, Attorney No. 27434-49
Edward D. Thomas, Attorney No. 29080-49
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
(317) 218-3859
jason.may@jasonmaylaw.com
edward.thomas@jasonmaylaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID A. WILLIAMS, JR., derivatively on behalf OCEAN'S PROMISE, INC.<br><br>Plaintiff,<br><br>v.<br><br>EBX ENTERPRISES, LLC, and ELIJAH W. BLAND<br><br>Defendants. | )<br>)<br>)<br>)<br>) CASE NO. 1:21-cv-00353-JMS-DLP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION

I, David Williams, state that the information contained in the attached *Verified Shareholder's First Amended Complaint for Damages* is based upon my personal knowledge. To the best of my information and belief, I affirm under the penalties for perjury that the foregoing representations are true and accurate.

4/22/21
DATE

David Williams
CEO, Ocean's Promise, Inc.

04/22/2021   17:04   3177334020   UPS STORE   PAGE 01

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on April 22, 2021, the foregoing was served by electronic mail to Eric. J. McKeown and Jessa DeGroote:

Eric J. McKeown
Jessa DeGroote
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 4682-0200
Eric.McKeown@icemiller.com
Jessa.DeGroote@icemiller.com

**Signature:**

**Email:** dubbbkb@gmail.com

13