UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. WILLIAMS, Jr., derivatively on behalf of OCEAN'S PROMISE, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> EBX ENTERPRISES, LLC and ELIJAH W. BLAND, <br><br> *Defendants*. <br><br> ELIJAH W. BLAND and <br> EBX ENTERPRISES, LLC, on its own behalf and derivatively on behalf of OCEAN'S PROMISE, INC., <br><br> *Counter Claimants*, <br><br> vs. <br><br> DAVID L. WILLIAMS, JR., SEA MOSS LABS, LLC, OCEAN'S GARDEN LLC, and OCEAN'S GARDEN GEL LLC, <br><br> *Counter Defendants*. | No. 1:21-cv-00353-JMS-MKK |

## **ORDER**

While embroiled in a dispute concerning, among other things, the alleged wrongful use of trademarks regarding sea moss gel, the parties settled. Before the Court are Plaintiffs' two Motions to Enforce Settlement Agreement. [Filing No. 156; Filing No. 163.] Both Motions to Enforce Settlement Agreement, [156; 163], are ripe for the Court's consideration.

1

# I.
## BACKGROUND

This case began over two years ago as a lawsuit whose crux concerned the alleged wrongful use of trademarks (the "Trademarks") relating to sea moss gel developed by Ocean's Promise, Inc. ("Ocean's Promise"). [Filing No. 23 at 5.] After years of litigation and a marathon nine-hour settlement conference, the parties signed a Settlement Agreement and Release ("Settlement Agreement"). [Filing No. 156-1 at 1 (submission of settlement to the Court); Filing No. 157 (Settlement Agreement).]

The Settlement Agreement requires Defendants to make payments, provide financial documentation, and cease use of the Trademarks. [Filing No. 157 at 2-4.] It requires Defendants to pay at least $275,000, comprised of an initial payment of $10,000 and then installment payments toward the remaining $265,000. [Filing No. 157 at 2.] The Settlement Agreement, as a condition precedent, requires Defendants to provide Plaintiffs with "financial documentation verifying all revenue generated from [Defendants'] use of [the Trademarks] from September 1, 2020 to September 1, 2023 . . . ." [Filing No. 157 at 3.] Once that has occurred, the Settlement Agreement requires the parties to "cease all use of [the Trademarks] in any form or function on or before December 1, 2023." [Filing No. 157 at 2-4.].

After the Settlement Agreement was signed, Defendants' attorneys filed a Motion for Leave to Withdraw Appearance, citing "an irreconcilable breakdown in the attorney-client relationship." [Filing No. 150 at 2.] Defendants' attorneys also requested that Defendants be "granted sixty (60) days to find replacement counsel to represent them in this lawsuit." [Filing No. 150 at 2.] The Magistrate Judge granted the Motion for Leave to Withdraw Appearance. [Filing No. 160 at 2.] In a Minute Order from a telephonic status conference related to the Motion for Leave to Withdraw Appearance, the Magistrate Judge stated that "Defendant/Counter Claimant [Mr.] Bland confirmed

2

that he received Defendants'/Counter Claimants' Motion for Leave to Withdraw Appearance and understood that the Court granting that Motion would leave him as a pro se party until new counsel was retained and entered his/her/their appearance on Defendants'/Counter Claimants' behalf." [Filing No. 160 at 1.] Although the Magistrate Judge gave Defendants time to recruit new counsel, [Filing No. 160], they did not do so.

In the meantime, Defendants have not made any initial payment, have not provided any financial documentation, and have continued to redirect the domain name oceanspromise.com to lgcylife.com, their own website.

Plaintiffs have filed two Motions to Enforce Settlement Agreement. [Filing No. 156; Filing No. 163.] Defendants responded to the First Motion to Enforce Settlement, [Filing No. 161], but although they were given time to respond to the Second Motion to Enforce Settlement Agreement, [Filing No. 164,] they did not do so. Both Motions to Enforce Settlement Agreement, [Filing No. 156; Filing No. 163], are ripe for the Court's consideration.

## II.
### APPLICABLE LAW

A district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). Whether a Settlement Agreement exists is a question of law, and whether to enforce the Settlement Agreement is a matter of the district court's discretion. *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 332 (7th Cir. 2016). "State contract law governs issues concerning the formation, construction, and enforcement of Settlement Agreements." *Id.* at 333.

Under Indiana law, "[t]he basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting parties." *Conwell v. Gray Loon Outdoor Mktg. Grp., Inc.*, 906 N.E.2d 805, 812-13 (Ind. 2009). Where a contract is subject to a

condition precedent, "it is the rule in Indiana that 'a party may not rely on the failure of a condition precedent to excuse performance where that party's action or inaction caused the condition to be unfulfilled.'" *Hamlin v. Steward*, 622 N.E.2d 535, 540 (Ind. Ct. App. 1993) (citations omitted).

"Indiana strongly favors settlement agreements and if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011). The party may also obtain an order for specific performance, which "directs the performance of a contract according to, or substantially in accordance with, the precise terms agreed upon." *Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind. Ct. App. 2003).

### III.
#### DISCUSSION

Plaintiffs argue that Defendants have not made their "initial payment of ten thousand ($10,000) dollars on or before September 30, 2023," as required by the Settlement Agreement. [Filing No. 156 at 3.] Plaintiffs argue that Plaintiffs' counsel "provided notice of the Defendants' default, and all subsequent grace periods for the initial payment lapsed on October 6, 2023." [Filing No. 156 at 3-4.] Therefore, Plaintiffs argue, Defendants are in default and Plaintiffs are entitled to an entry of judgment jointly and severally in the amount of $275,000. [Filing No. 156 at 4.] Additionally, Plaintiffs argue that Defendants "agreed to provide to the Plaintiffs financial documentation verifying all revenue generated from the Defendants['] use of the company trademarks on or before October 15, 2023." [Filing No. 156 at 4.] However, Plaintiffs argue, Defendants have failed "to provide financial documentation to Plaintiffs on or before October 15, 2023, and to date, Defendants still have not provided any financial documentation whatsoever." [Filing No. 156 at 4.] Plaintiffs "request the Court order Defendants to produce all required financial documentation to Plaintiffs' counsel within ten (10) days." [Filing No. 156 at 4.] Finally,

4

Plaintiffs argue that "Defendants agreed that neither party, nor anyone else, may use [the Trademarks]." [Filing No. 163 at 3.] Plaintiffs state that "Defendants further agreed to transition away from use of [the Trademarks] and shall cease all use of [the Trademarks] in any form or function on or before December 1, 2023." [Filing No. 163 at 3 (emphasis omitted).] Plaintiffs state that Defendants have "failed to cease all use of the [T]rademarks" because they "simply re-direct[] internet traffic from oceanspromise.com to lgyclife.com, in clear violation of the Settlement Agreement." [Filing No. 163 at 4.] Plaintiffs request that the Court "requir[e] the Defendants to deactivate the oceanspromise.com domain within ten (10) days, and all other relief just and proper under the circumstances." [Filing No. 163 at 4.]

Defendants argue that they have not satisfied the Settlement Agreement's condition precedent, so the agreement cannot be enforced. [Filing No. 161 at 2.] Defendants state that "[s]ince the Settlement Agreement explicitly states certain conditions that must be satisfied for the agreement to become effective, failure to meet those conditions directly impact[s] the effectiveness and enforceability of the agreement." [Filing No. 161 at 2.]

Plaintiffs reply that Defendants "fail[] to identify the 'condition precedent' [that] must be satisfied for the Settlement Agreement to purportedly become effective." [Filing No. 162 at 2.] Plaintiffs argue that Defendants "retained sole control over whether the financial documentation would be timely produced to Plaintiffs," and "did not make a good faith effort to produce the required financial documentation." [Filing No. 162 at 3.] Plaintiffs argue that Defendants "may not rely on the failure of a condition precedent to excuse performance where [their] own action or inaction caused the failure." [Filing No. 162 at 3.] Additionally, Plaintiffs argue that the condition precedent "is limited to Defendants' obligation to produce certain financial documentation and has

no bearing whatsoever on the effectiveness and enforceability of the Defendants' payment obligations." [Filing No. 162 at 3.]

The sole disputed issue is whether the Settlement Agreement is effective due to its condition precedent not having been met. Defendants do not identify what aspect of the condition precedent is unsatisfied; the Court surmises that Defendants refer to Defendants own obligation to provide certain financial information. [*See* Filing No. 157 at 3.] Under Indiana law, "a party may not rely on the failure of a condition precedent to excuse performance where that party's action or inaction caused the condition to be unfulfilled." *Hamlin*, 622 N.E.2d at 540. Defendants have control over their own financial documentation and their failure to follow through on delivery "caused the condition to be unfulfilled." *Id.*. This inaction does not render the Settlement Agreement ineffective. On the contrary, the Settlement Agreement is effective and binding. All that remains is to adjudicate Defendants' conduct with regard to their responsibilities under the Settlement Agreement.

The Settlement Agreement provides that a party can be declared in "default of any provision of this Agreement [after] written notice has been provided by the non-defaulting party to the defaulting party and the defaulting party's counsel and the defaulting party has failed to cure the default within five (5) business days." [Filing No. 157 at 4.] The Settlement Agreement further provides that "[i]n the event of default by [Defendants] of any payment when due and payable, without notice or grace, [Plaintiffs] may accelerate all of the remaining payment installments and declare the entire unpaid balance immediately due and payable, and proceed to enforce all rights and remedies under law or equity under this Agreement." [Filing No. 157 at 4.] On October 2, 2023, Plaintiffs provided notice to Defendants that Defendants failed to provide the required $10,000 payment. [Filing No. 156-2 at 2.] On October 9, 2023, Plaintiffs provided notice to

6

Defendants that Defendants still had failed to provide the required payment and offered to discuss the situation "prior to involving the Court." [Filing No. 156-2 at 2.] Defendants failed to do so.

Finally, the Settlement Agreement requires Defendants to "cease all use of the trademarks in any form or function." [Filing No. 157 at 2-3.] Defendants still maintain the oceanspromise.com domain name and redirect it to their own website, a clear "use of [the Trademarks]," which violates the Settlement Agreement. *See, e.g.*, *Nike, Inc. v. Circle Grp. Internet, Inc.*, 318 F. Supp. 2d 688, 694 (N.D. Ill. 2004) (holding "justdoit.net" unlawfully cybersquatted on Nike's brand by "divert[ing] web users to its own homepage . . . .").

## IV.
### CONCLUSION

Based on the foregoing, the Court makes the following rulings:

- Plaintiffs' Motion to Enforce Settlement Agreement, [156], and Second Motion to Enforcement Settlement Agreement, [163,] are **GRANTED**. The Settlement Agreement reached between the parties is binding and enforceable and final judgement against Defendants in the amount of $275,000 will be issued by separate order;

- Defendants are **ORDERED** to deliver the required financial documentation to Plaintiffs and to file a Report notifying the Court of such delivery within **14 days** of this Order; and

- Defendants are **ORDERED** to completely deactivate the oceanspromise.com domain and to file a Report notifying the Court of such deactivation within **14 days** of this Order.

Plaintiffs shall file a Report within **14 days** as to whether Defendants' have satisfied their obligations under the Settlement Agreement, and complied with this order. Final judgment will then issue for $275,000, and this matter will be closed.

7

Date: 12/15/2023

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF only to all counsel of record**