UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. WILLIAMS, JR., derivatively on behalf of OCEANS' PROMISE, INC., <br><br>    *Plaintiff*, <br><br>    v. <br><br>EBX ENTERPRISES, LLC and ELIJAH W. BLAND, <br><br>    *Defendants*. <br><br>ELIJAH W. BLAND, EBX ENTERPRISES, LLC, on its own behalf and derivatively on behalf of OCEANS'S PROMISE, INC., <br><br>    *Counter Claimants*, <br><br>    v. <br><br>DAVID L. WILLIAMS, JR., SEA MOSS LABS, LLC, OCEAN'S GARDEN LLC, and OCEAN'S GARDEN GEL LLC, <br><br>    *Counter Defendants*. | No. 1:21-cv-00353-JMS-MKK |

**<u>ORDER</u>**

    This case, which stems from the alleged unlawful theft of intellectual property regarding sea-moss gel, now concerns the enforcement of a Settlement Agreement. [Filing No. 156.] In a recent order, the Court granted a Motion to Enforce Settlement Agreement and ordered Plaintiff to "file a Report within 14 days as to whether Defendants[] have satisfied their obligations under the

1

Settlement Agreement." [Filing No. 169 at 8.] Plaintiff has filed his Status Report, [Filing No. 170], which is ripe for the Court's consideration.

## I.
### RELEVANT BACKGROUND

The Court's most recent order, [Filing No. 169,] required Defendants to submit certain financial documentation necessary to evaluate their duty to pay. To date, Defendants have not done so, and Plaintiff has filed a Status Report demanding judgment in the amount of $1,000,000. [Filing No. 170 at 4.]

## II.
### APPLICABLE LAW

A district court possesses the inherent or equitable power to summarily enforce an agreement to settle a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). Enforcement of settlement agreements is governed by state contract law. *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016). "Indiana strongly favors settlement agreements," and "if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003). The party may also obtain an order for specific performance, which "directs the performance of a contract according to, or substantially in accordance with, the precise terms agreed upon." *Kesler v. Marshall*, 792 N.E.2d 893, 896 (Ind. Ct. App. 2003).

## III.
### DISCUSSION

Plaintiff states in his Status Report that "[d]espite this Court's second directive requiring Defendants to deliver the agreed upon financial documentation to Plaintiff[]"[1] and to file a Report

---

[1] The Court notes that the docket reflects that there is but one plaintiff "David L. Williams, Jr, derivatively on behalf of Ocean's Promise Inc."

2

notifying the Court of such delivery within 14 days of" the Court's prior order, "Defendants have continually failed to provide Plaintiff[] with any financial documentation whatsoever." [Filing No. 170 at 1-2.] Referring to Section 5(c) of the Settlement Agreement, Plaintiff notes that as Defendants' net profit increases, so too does Defendants' duty to pay Plaintiff, which can rise to $1,000,000. [Filing No. 170 at 3.] Plaintiff states that "[i]n light of the Defendants['] continued failure to adhere to their agreement to provide Plaintiff[] with the required financial documentation, Defendants have actively prevented Plaintiff['s] ability to verify the Net Profit allegedly earned by the Defendants during the time period in dispute." [Filing No. 170 at 3.] As such, Plaintiff demands "reasonabl[e] attorney fees and costs associated with Plaintiff['s] Motion and Second Motion to Enforce Settlement Agreement" and an "entry of judgment against the Defendants, jointly and severally, in the amount of $1,000,000." [Filing No. 170 at 3-4.] "Frankly," Plaintiff asserts he has "little confidence that Defendants will comply with their ongoing obligations." [Filing No. 170 at 4.]

Defendants did not respond to Plaintiff's Status Report.

In Plaintiff's original Motion to Enforce Settlement Agreement, he sought a judgment of $275,000. [Filing No. 156 at 4.] Now, Plaintiff's Status Report demands far more, in the amount of $1,000,000. [Filing No. 170 at 4.] Plaintiff relies on Provision 5(c) of the Settlement Agreement, which imposes graduated penalties based on Defendants' Net Profits that exceed $400,000; the greater the Defendants' Net Profit, the greater the Defendants' payment obligation. [Filing No. 157 at 3.] For example, "[f]or Net Profit between $400,001 and $450,000," the Settlement Agreement imposes a duty upon Defendants to pay an additional $10,000. [Filing No. 157 at 3.] Several levels higher, if the Net Profit is above $650,001, the Settlement Agreement

3

requires Defendants to pay an additional $500,000.  [Filing No. 157 at 4.]  This provision forms the basis of Plaintiff's demand for a judgment of $1,000,000.

It is true that the Settlement Agreement provides that Defendants owe at least $275,000. [Filing No. 157 at 2.]  And because Defendants failed to respond to Plaintiff's efforts to enforce that obligation, they have waived any objection to enforcing that amount.  But as for Plaintiff's request for a $1,000,000 judgment, that is a seismic increase dependent upon certain unknown and unpresented evidence that the Settlement Agreement requires in order to warrant an increased settlement amount.  [Filing No. 157 at 3-4].  The Plaintiff bears the burden of proof, but he has provided no evidence showing that Defendants' Net Profit is even close to that amount.

The Court acknowledges that Defendants have not provided Plaintiff with the financial documentation necessary to support Plaintiff's request, but that failure does not change the fact that the Settlement Agreement provides for graduated settlement amounts based on actual financial information.  Without the financial information, the Court cannot evaluate whether Plaintiff is entitled to the $1,000,000 settlement amount he requests.

So, Plaintiff has to choose between the $275,000 judgment he previously requested or the time and expense of pursuing additional remedies to compel Defendant's compliance with the Court's earlier orders to produce financial records, and presentation of those records to support a claim in excess of $275,000.  Accordingly, Plaintiff is **ORDERED** to file any further motions as permitted by the Federal Rules of Civil Procedure to obtain the requisite evidence to support his $1,000,000 request, or to notify the Court that he would be satisfied with the original $275,000 amount, by **March 7, 2024**.[2]

---

[2] The Court notes that it previously indicated in its order enforcing the Settlement Agreement [Filing No. 169,] that it would enter judgment in the amount of $275,000.  Defendant did not object to that order.

4

## IV.
### CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to file any further motions as permitted by the Federal Rules of Civil Procedure to obtain the requisite evidence to support his $1,000,000 request, or to notify the Court that he would be satisfied with the original $275,000 amount, by **March 7, 2024**.

Date: 2/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ELIJAH W. BLAND
650 E. Palisade Ave.
Suite 2-201
Englewood Cliffs, NJ 07632

ELIJAH W. BLAND
650 E. Palisade Ave.
Suite 2-201
Englewood Cliffs, NJ 07632

OCEAN'S GARDEN GEL LLC

Jason D. May
jason.may@jasonmaylaw.com

Edward D. Thomas
JASON MAY LAW
ethomas@jasonmaylaw.com